SOWELL ET AL v. SOWELL ET AL.

[67 South. 452.]

DEEDS. *Delivery. Evidence.*

> Suspicion cannot overthrow clear and positive proof. Under the evidence as shown in the opinion, the court held that the deed had been delivered by the grantor prior to his death.

APPEAL from the chancery court of Panola county. HON. D. M. KIMBROUGH, Chancellor.

Suit by Jno. T. Sowell and others against Matt. T. Sowell and others for partition. Decree for partitition and defendants appeal.

The facts are fully stated in the opinion of the court.

*L. F. Rainwater,* for appellants.

*Shands & Montgomery,* for appellees.

COOK, J., delivered the opinion of the court.

J. W. Sowell, on the 5th day of March, 1907, wrote and signed with his own hand a deed conveying to appellants all of the real estate owned by him. He acknowledged this deed on the same day before a notary public. On March 20, 1907, he wrote and signed his last will and testament. His will disposes of his personal property, and makes no mention of his real estate. Mr. Sowell died on the 15th day of August, 1909. After the death of J. W. Sowell, appellees, certain of his heirs at law, filed a bill in the chancery court to partition the land described in the deed above mentioned between them and appellants, the grantees in the deed, and also heirs at law of the deceased, J. W. Sowell. Without following the procedure adopted in the trial of the issue, it is only necessary to say that appellants answered the bill and denied that appellees had any right, title, or interest in the land, and claiming to be the sole owners thereof

by virtue of the deed. Much testimony was taken on both sides, and the chancellor decided in favor of appellees.

The sole point in the case is: Was the deed delivered to the grantees named therein by the grantor?

The writing, signing, and acknowledgment of the deed is not questioned, nor is it questionable under the proof in the record. The deed was in the possession of appellants, and was produced by them and offered in evidence. Appellees undertook to show that the deed was not delivered during the lifetime of the grantor; that he retained possession of same after he had executed it; and that it was found in his trunk, with his will, after his death. No witness was produced by appellees to testify that he had ever seen the deed before it was produced at the trial. The line of proof made by appellees went to show that some of the grantees had stated that the will and deed were found in the trunk of the deceased after his death, and they did not know that either was in existence until after they were found. All of the appellants to whom these admissions were attributed, except one, denied that they had made such statements. In the outset it will be remembered that the grantees could not testify about the delivery of the deed, they being disqualified as witnesses by section 1917, Code of 1906.

Mr. Sowell died on Sunday. A witness, a brother-in-law of the deceased, and an uncle of appellants, spent Friday night and Saturday at the home of the deceased. This witness and the deceased were intimate, and frequently discussed business and family affairs. They had visited each other constantly during the space of forty years. During the day preceding his death, Mr. Sowell seemed to be in good health, though advanced in years. Mr. Sowell talked with this witness, telling him how he had disposed of his worldly goods. He told him about executing the deed in question, and

also told him that he had delivered it to his two daugh-
ters, and they had it and his will. Mrs. Sowell, the
wife of one of the appellants, also testified that the
deed was in the possession of the two daughters of de-
ceased before the death of the grantor.

We have the deed itself. It is acknowledged before
a proper officer. The grantor acknowledged that he
delivered the deeds to the grantees therein named. The
deed is in the possession of the grantees. The grantor
stated on the day next preceding his death that he had
delivered the deed. Also, we have the testimony of an-
other witness, who testified that the deed was in the
possession of two of the grantees and was kept in
their trunk, not the trunk of the deceased. There was
other evidence strongly corroborative of the positive
evidence that the deed was delivered by the grantor to
the grantees.

Opposed to this was the secondary evidence—hear-
say evidence—admissible alone because it was the ad-
missions of some of the grantees against their interests.

Mr. Sowell, the deceased, had been married twice.
Appellants were children of the last marriage, and
lived with him at his home, composing his family. The
complainants were children and grandchildren of the
first marriage.

In connection with the other evidence, we think it is
clear from the will that the deceased thought he had
made effectual disposal of his land, and that the gran-
tees in the deed would remain on the home place and
use the farm property in common, but would forfeit any
interest therein should they leave the home. In fact,
the will supports the theory that the deed was made
effectual by delivery.

We can find no evidence inconsistent with the de-
livery of the deed. The deed may have been in the
trunk of the grantor at the time of his death, and this
alone would not, we think, negative the delivery of the

deed. It would be evidential—a circumstance tending to show that the grantor was still in possession of the deed.

It will be noted that no witness claims to know that the deed was found in the deceased grantor's trunk. The evidence offered by appellees as to the whereabouts of the deed does not contradict Mrs. Sowell's testimony. This evidence merely shows that two of the grantees made admissions which were inconsistent with the positive testimony of witnesses for appellants.

May we not say that common knowledge leads to the conclusion that trunks in a household of this kind are not property of such exclusive character as to forbid the thought that a member of the household could deposit papers therein without the knowledge or consent of the person who claimed the trunk?

We believe there is no evidence which overthrows the presumption of delivery, which follows the acknowledgment and the possession of the deed. The positive evidence is not materially shaken by the alleged admissions against interest.

There is some suggestion of a suspicion that the deed was not delivered, but we cannot consent to overthrowing the undoubted purpose of the grantor by secondary proof of this character.

It is so easy for interested witnesses to misconstrue the statements of others. It is difficult at all times to accurately report past conversations. The witness usually puts his own construction on the words of others, and, when afterwards he is called on to give the words employed by another, he merely states his recollection and understanding of what the other actually said.

In this case there is evidence warranting a suspicion that the deed was not delivered to the grantees, but this evidence does not rise to the dignity of proof. Suspicion cannot overthrow the clear and positive proof of a delivery.

*Reversed, and bill dismissed.*